## STEVER *vs.* LAMOURE.

A breach of warranty or fraud in a sale will not be received in recoupment of damages, unless a proper notice of the defence is given. (*a*)

A notice that the plaintiff represented a horse "to be true, gentle, orderly and sound, when in truth and in fact said horse was untrue, disorderly and unsound, and was much older than represented," and saying nothing as to plaintiff's knowledge of the falsity of his representations, was *held* defective. (*b*)

A chattel note is admissible in evidence under the money counts.

ACTION OF ASSUMPSIT tried at the Otsego Circuit, April, 1843, before Gridley, C. judge. The declaration contains

---

(*a*) The right of a defendant to avail himself of a claim for damages by way of recoupment is not confined to cases where fraud is imputable to the plaintiff; but may exist though the damages result from a mere breach of contract. *Batterman* v. *Pierce*, 3 Hill, 171. A defendant may recoup, though the damages on both sides are unliquidated; but he can only set off where the respective demands are liquidated, or are capable of being ascertained by calculation. *Id.* In a case proper for recoupment, it is optional with the defendant whether he will use his claim in that way, or reserve it for a cross action. *Id.* Where a defendant elects to use his claim by way of recoupment, he can not have a balance certified in his favor, as in the case of a set-off; but must be content to have it go in abatement, in whole or in part, of the plaintiff's demand. *Id.* Nor can he, it seems, after having been allowed part of his claim by way of recoupment, maintain a cross action for the residue. *Id.*; 6 *N. Hamp. Rep.*, 481; and see per Cowen, J., in *Wilder* v. *Case*, 16 Wend., 583. Nor can he recoup for damages accrued after commencement of suit. *Harper* v. *Edmunds*, 4 Barb., 256. There can be no recoupment by setting up the breach of a contract entirely distinct and independent of the one on which the plaintiff sues. *Batterman* v. *Pierce*; *Deming* v. *Kemp*, 4 Sandf., 147. But if the plaintiff sue on one part of a contract, consisting of material stipulations made at the same time, and relating to the same subject matter, the defendant may recoup his damages arising from the breach of another part; and this, whether the different parts are contained in one instrument or in several; and though one part be in writing, and the other by parol. *Batterman* v. *Pierce.* Accordingly, where, on the sale of a quantity of standing wood, the vendor agreed to indemnify the vendees against any damage that might happen to the wood in consequence of the burning of an adjoining fallow, the vendees giving their note for the price; and afterwards, the fallow being burned over, the wood in question was destroyed by the fire. *Held*, in an action by the vendor on the note, that the vendees might recoup their damages arising from the loss of the wood. *Id.* Where a contract of sale has been fully executed by the vendor, no fraud on his part in making it

Stever v. Lamoure.

the money counts, and one for goods, wares and merchandise, &c., and one on a special agreement as follows to wit, "Wor-

can operate as a complete bar to an action for the price, unless the thing sold was absolutely worthless, or the vendee has returned or reconveyed the property on discovering the fraud. *Van Epps* v. *Harrison*, 5 Hill, 63. In such an action, however, the vendee may in general avail himself of the fraud by way of recoupment, though he has not returned or reconveyed the property. *Id.* per Bronson, J. Where a vendor on the sale of land made false and fraudulent representations to the vendee who was unacquainted with the land, *held*, in a suit on a bond for the price of the land, that vendee might recoup. *Van Epps* v. *Harrison*. Defendant, in February, executed to the plaintiff a writing under seal stating that he had hired of him a certain water-lot and his right to a wharf for one year from May following. Defendant was induced to make this contract through the fraudulent representations of plaintiff, that the right mentioned in the lease comprehended a parcel of land, which in fact belonged to the corporation of the city of New York. Defendant discovered the fraud before May, and obtained from the corporation a lease of that parcel at a certain annual rent. In May he took possession of the whole, and occupied for a year. In covenant for rent, *held*, that he was entitled, by reason of the fraud, to deduct what he had been obliged in good faith to pay for the corporation lease. *Whitney* v. *Allaire*, 1 Comst., 305. Defendant, by taking possession after he had discovered the fraud, waived his right to rescind the contract but not to recover the damages occasioned by the fraud. *Id.* Since 2 R. S., 406, § 77, a defendant may recoup in an action upon a sealed as well as an unsealed instrument. *Van Epps* v. *Harrison*, 5 Hill, 63. In suit against tenant for rent, he may recoup damages for landlord's breach of covenant to repair; *Whitney* v. *Skinner*, 7 Hill, 53; *Dorwin* v. *Potter*, 2 Den., 386; *Nichols* v. *Dusenbury*, 2 Comst., 283. But he can not recoup for a breach of covenant to repair by plaintiff after the commencement of the suit; *Harper* v. *Edmonds*, 4 Barb., 256. Nor for damages occasioned by the negligent and tortious conduct of landlord's servants in making the repairs; *Cram* v. *Dresser*, 2 Sandf., 120. "The doctrine of recoupment of damages was firmly established by the name of mitigation of damages, or diminution of the plaintiff's recovery, in *Reab* v. *McAllister*, 8 Wend., 109; and in cases falling within its principle, is entitled to the favorable consideration of the courts. Without citing the subsequent cases, we may say that it has been applied to the reduction of the price of goods sold, where there was either a warranty broken, or fraud in the sale, or a distinct agreement relative to the subject matter which was broken; to diminish the recovery on a contract for labor and materials, which was not executed faithfully; and finally, a tenant's damages, by reason of the breach of an agreement to repair, have been admitted in his defence to an action brought by the landlord to recover the rent of demised premises." *Id* , p. 125, per Sandford, J.

(b) On the question of notice and proper way of setting up a recoupment by way of defence, see *The Mayor of Albany* v. *Trowbridge*, 5 Hill, 71, and 7 id., 429; *Nichols* v. *Dusenbury*, 2 Comst., 283; *McCullough* v. *Cox*, 6 Barb., 386.

cester, April 28th, 1842. "Two months after date I promise to deliver to Adoniram Stever, a good new lumber waggon with box and finished in a workmanlike manner for sixty dollars payable at D. D. Sheldon's store for value received. Isaac Lamoure," and that the consideration for it was a certain bay mare sold and delivered to defendant by plaintiff. The defendant pleaded the general issue with a notice of a breach of contract in the sale of a certain horse mentioned in the declaration, in this, that the said horse was represented to be true, gentle, orderly and sound, when in truth and in fact said horse was untrue, disorderly, and unsound and much older than represented, which by way of recoupment will be given in evidence against plaintiff's claim, &c. The agreement was given in evidence, and the consideration for it proved to have been an order for lumber amounting to $5.00, a note of $3.00, and the mare, valued at $52.00. The defendant offered to prove the matters set up in the notice, but the evidence was excluded on the ground of the insufficiency of the notice. The defendant excepted. Verdict for plaintiff, and defendant moves for a new trial on a case made.

*A. Becker,* for defendant.

1. The onus probandi lay upon the plaintiff to show the value of such a waggon as was described in the written instrument at the time and place it was to be delivered, and he not having proved it, the judge erred in not nonsuiting the plaintiff. 2. A demand should have been proved by the plaintiff of the defendant at the time and place named in the writing. 3. The consideration avered in the declaration for the written instrument was one horse sold and delivered, whereas the proof showed two considerations, a mare sold and delivered and a note for hemlock boards, and therefore the judge erred in not nonsuiting the plaintiff on the ground of variance. 4. The judge erred in not permitting the defendant to prove fraud in the sale of the mare under the general issue, inasmuch as the fraud offered to be proved went to show she killed herself and was therefore of no

value. 5. The notice was ample and sufficient to authorize proof of a breach of warranty by way of recoupment.

*S. S. Burnside*, for plaintiff.

1. The circuit judge decided correctly in refusing to non-suit the plaintiff upon the several grounds taken by the defendant's counsel. The first ground is that the instrument offered and read in evidence was not precisely such an instrument as the one set out in plaintiff's declaration. The instrument read in evidence was substantially the same, and precisely the same instrument as the original pleadings in the cause now handed to the court will show. See 1 Hill, 519. 2. That the sum specified in the contract was the sum the defendant agreed to pay on condition that the waggon was not delivered pursuant to said contract. 5 Wend., 393; 4 Hill, 164. 3. The instrument was a note payable in a specific article and admissible under the common money counts in the declaration set forth. See *Smith* v. *Smith*, 2 Johns., 235; *Pierce* v. *Crofts*, 12 Johns., 90; 7 Wend., 311. 4. The plaintiff was not bound to prove that the note had been presented and the waggon called for at the store of D. D. Sheldon. The defendant was bound to prove that a waggon answering the one described in the note was delivered on the day it became due. See *Slingerland* v. *Morse*, 8 Johns., 370; *Borns* v. *Grahams*, 4 Cowen, 452; 13 Wend., 95; 1 Hill, 519; 5 Wend., 393. 5. The judge at the circuit decided correctly in sustaining the objection made by plaintiff's counsel to the evidence offered by defendant of the mare being lame, untrue, &c. The notice under the general issue was insufficient to authorize the proof. 1st. Because it does not set forth that the horse was the consideration of the note. 2d. That it alleges that the plaintiff represented the horse to be true, &c., when the only witness who was present at the time of the sale expressly swears, that the plaintiff said he did not know much about the mare. Assuming that no warrantee was proved, the offer of the defendant was clearly inadmissible. 3d. That no notice of a fraud was given in the pleadings. A notice should contain all the requisites

of a special plea, and a partial failure of consideration can not be given in evidence under the general issue, but must be pleaded or notice given. See 21 Wend., 626; 3 id., 236. 6. The facts were fairly submitted to the jury by his Honor the judge and they have found that the defendant did not deliver such a waggon as is described in the contract, and it being a question of fact, this court will not disturb the verdict.

*By the Court*, BEARDSLEY, J. The agreement given in evidence was, what is called a chattel note, and was admissible in evidence under the money count in the declaration. (*Crandal* v. *Bradley*, 7 Wend., 311.) The objection that it varied from the instrument set out in the special count was therefore properly overruled.

It was unnecessary for the plaintiff to give evidence of the value of such a waggon as is described in the note. The defendant promised it should be a good, new, lumber waggon, in all respects complete; and the price is stated at sixty dollars. It was paid for in advance, and if the defendant failed to deliver the waggon as agreed, the plaintiff was entitled to recover the sixty dollars. (*Rockwell* v. *Rockwell*, 4 Hill, 164; *Pinney* v. *Gleason*, 5 Wend., 393.)

There was nothing in the case which called for proof, in the first instance, of any consideration for the note, beyond what is expressed on its face. It purports to be given for value received, and, although the special count in the declaration alleges that the consideration was a bay mare, and the testimony shows it to have been the mare and an order and a note, still this variance was of no consequence. The note was in evidence under the money count, and properly so, and that disposes of every thing connected with the question of variance.

This agreement was to pay sixty dollars in a waggon at a certain time and place, and no demand on the part of the plaintiff was necessary to entitle him to bring suit. If the waggon was ready at the time and place, that was matter of defence to be proved by the defendant.

It was proved that the mare sold by the plaintiff to the

Stever v. Lamoure.

defendant was part of the consideration of this note, and on the trial the defendant offered to show that the plaintiff "warranted her to be true, gentle, orderly and sound, when in truth and in fact the said mare at the time was untrue, disorderly and unsound." The defendant also offered to prove fraud on the part of the plaintiff in the sale of said mare. On objection by the plaintiff's counsel the testimony was excluded by the judge, on the ground, as is stated in the case, that the notice of defence was insufficient to authorize the evidence to be given, as the mare was of considerable value notwithstanding the alleged defects.

It was not pretended that the defendant had returned the mare to the plaintiff, or offered to return her, on the discovery of the alleged fraud, or that she was at the time of the trade, of no value whatever. The testimony was therefore admissible, if at all, to reduce the amount which the plaintiff would otherwise recover and not in bar of the action. But neither a breach of warranty or fraud in the sale can be shown for such a purpose, unless a proper notice of the defence is given. This point has been questioned but should be regarded as settled in this court. (*Barber* v. *Rose*, 5 Hill, 76.) As the testimony was rejected on the ground that the notice was defective, the only question, on this part of the case, is as to the sufficiency of the notice. It sets up a breach of contract in the sale of the mare, in this, to wit, the plaintiff represented her "to be true, gentle, orderly and sound, when in truth and in fact" she was "untrue, disorderly and unsound, and much older than represented." Nothing is said of any fraud in the sale, or, in terms, of a warranty, for a representation is not, necessarily, a warranty; nor is it suggested in the notice, that the plaintiff was aware that his representation was in any respect untrue. The notice, therefore, is wholly defective; it sets up neither fraud or breach of warranty, and the judge was correct in excluding the testimony offered under it.

The motion for a new trial should be denied.